Nott, J.,
dissenting:
I do not think the claimant is an owner of captured property within the meaning of the “ Abandoned or captured property act.” He appears to have brought out these products from the enemy’s country under an agreement with the commanding general of the department, which, in terms, authorized the defendants to become the purchasers for “ its actual vafoie at the time and place where it was found when our forces took possession of the country.” This “ actual value” appears to have been for the cotton 18 cents per pound, and for the sugar five cents. To that extent the claimant should recover, and not for the net proceeds of the cotton under the act.
This property, it is also to be noted, was taken from the claimant by the defendant’s quartermaster at the place of its purchase — that is, at the extreme front, and where it was liable to recaptuie. At that place, and under these circumstances, its actual value fell very far short of the net proceeds after the defendants had run the risk of bringing it out. The claimant also deemed his rights limited by the order or agreement of General Banks, and he sought payment thereunder. I think, therefore, that the action should be deemed to have been brought upon that agreement, and to be subject to all the restrictions of the act reconstituting this court, (3d March, 1863, 12 Stat. L., p. 765,) including that of appeal to the Supreme Court, and that judgment should be rendered accordingly.